UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DAVID LOVELL,<br><br>             Plaintiff,<br><br>       v.<br><br>BAY AREA COMMUNITY SERVICES, et al.,<br><br>             Defendants. | Case No. 25-cv-05786-LB<br><br>**ORDER TO SHOW CAUSE** |

**INTRODUCTION**

The plaintiff has not responded to court orders and is not participating in the litigation. Specifically, the plaintiff did not respond to the court's orders that he provide addresses for unserved defendants or that he advise the court about whether he wished to name Doe defendants in place of unserved defendants.[1] The court issues this order to notify the plaintiff of the consequences if he does not participate in the litigation. He may be subject to terminating sanctions (and possibly monetary sanctions if a defendant appears and incurs costs) for failure to prosecute.

---

[1] *See* Orders – ECF Nos. 17, 29. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 25-cv-05786-LB

United States District Court
Northern District of California

United States District Court<br>Northern District of California

**ANALYSIS**

The court issues this order to set forth the standard for sanctions. It also orders the plaintiff to respond to this order by April 16, 2026, and to appear at the April 23, 2026, hearing. A failure to do so risks sanctions, including monetary sanctions or, ultimately, dismissal of the case for failure to prosecute it.

### 1. Terminating Sanctions

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." A dismissal order "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

"Rule 41(b) specifically provides that the failure of the plaintiff to prosecute his claim is grounds for involuntary dismissal of the action. The courts have read this rule to require prosecution with 'reasonable diligence' if a plaintiff is to avoid dismissal." *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). "This court has consistently held that the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." *Id.* "The law presumes injury from unreasonable delay." *Id.* "However, this presumption of prejudice is a rebuttable one and if there is a showing that no actual prejudice occurred, that factor should be considered when determining whether the trial court exercised sound discretion." *Id.*

In *Yourish v. California Amplifier*, the Ninth Circuit applied the same five-factor standard considered in Federal Rule of Civil Procedure 37(b) cases in a Rule 41(b) case. 191 F.3d 983, 989–92 (9th Cir. 1999). "Under our precedents, in order for a court to dismiss a case as a sanction, the district court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Id.* at 990 (cleaned up). "We may affirm a dismissal where at least four factors support dismissal . . . or where at least three factors strongly support dismissal." *Id.* (cleaned up). "Although it is preferred, it is not required that the district court make explicit findings in order to show that it

has considered these factors and we may review the record independently to determine if the district court has abused its discretion." *Id.* (cleaned up). "The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).[2]

"A terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe." *Id.*

A party suffers sufficient prejudice to warrant case-dispositive sanctions where the disobedient party's actions "impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (cleaned up).

Before ordering a terminating sanction, a court must warn the plaintiff and try other sanctions first. For example, a district court's failure to warn a party that dismissal is being considered as a sanction weighs heavily against the sanction. *U.S. ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co.*, 857 F.2d 600, 605 (9th Cir. 1988). Although "[a]n explicit warning is not always required, at least in a case involving 'egregious circumstances,'" "[i]n other circumstances, the failure to warn may place the district court's order in serious jeopardy." *Id.* Indeed, "[f]ailure to warn has frequently been a contributing factor in [Ninth Circuit] decisions to reverse orders of dismissal." *Id.* (cleaned up).

---

[2] "This 'test,'" the Ninth Circuit has explained, "is not mechanical." "It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow:

> Like most elaborate multifactor tests, our test has not been what it appears to be, a mechanical means of determining what discovery sanction is just. The list of factors amounts to a way for a district judge to think about what to do, not a series of conditions precedent before the judge can do anything, and not a script for making what the district judge does appeal-proof.

*Conn. Gen.*, 482 F.3d at 1096.

United States District Court
Northern District of California

**2. Monetary Sanctions: Federal Rules of Civil Procedure 37(d)(3) and (b)(2)(C)**

Rules 37(d)(3) and (b)(2)(C) provide that courts must require the party failing to act, the attorney advising that party, or both, to pay to award the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. "Under Rule 37(b)(2), which has the same language as Rule 37(d), the burden of showing substantial justification and special circumstances is on the party being sanctioned." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994).

Federal courts use the lodestar method to determine a reasonable attorney's fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987). The court calculates a "lodestar amount" by multiplying the number of hours counsel reasonably spent on the litigation by a reasonable hourly rate. *See Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). The burden of proving that claimed rates and number of hours worked are reasonable is on the party seeking the fee award. *Blum v. Stenson*, 465 U.S. 886, 897 (1984). The court may adjust the award from the lodestar figure upon consideration of additional factors that may bear upon reasonableness. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

**3. Order to Appear on April 23, 2026, and Warning to the Plaintiff**

The plaintiff must file his response by April 16, 2026, and appear at the April 23, 2026, hearing at 11:00 a.m. A failure to do so risks the court's imposition of sanctions. Ultimately, if the plaintiff does not participate in the litigation, he risks dismissal of the case for failure to prosecute, which will result in a judgment being entered in favor of the defendants.

**IT IS SO ORDERED.**

Dated: March 21, 2026

_____

LAUREL BEELER
United States Magistrate Judge