UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

DAVID LOVELL,

Plaintiff,

v.

BAY AREA COMMUNITY SERVICES, et al.,

Defendants.

Case No. 25-cv-05786-LB

**ORDER GRANTING DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Re: ECF No. 37, 64

## INTRODUCTION

Plaintiff David Lovell, who is representing himself, lived in housing administered by defendant Bay Area Community Services (BACS), a nonprofit that provides housing and behavioral-health services. He claims that BACS employees sexually harassed him and directed homophobic slurs at him daily during two periods (August 19 to September 22, 2024, and December 2024 through June 2025), removed him from his housing in August 2024 without notice or an opportunity to be heard, and (after he applied, with a BACS supervisor's approval, for a different BACS housing program) banned him from all BACS housing in June 2025 based on an undisclosed internal employee "vote."[1] He sued BACS and two BACS employees under 42 U.S.C.

[1] Lovell Decl. – ECF No. 37 at 7–9. Citations refer to the Electronic Case File (ECF); pinpoint cites are to the ECF-generated page numbers at the top of documents.

§ 1983 (collectively, BACS) for violating his Fourteenth Amendment rights to procedural due process and equal protection and for retaliation.[2] Both sides moved for summary judgment. The plaintiff's motion rests on his sworn declaration recounting the harassment, the removal, and the ban. BACS's cross-motion rests on one ground: BACS is a private nonprofit corporation, not a state actor, and so is not subject to § 1983 or the Fourteenth Amendment (nor are its employees).[3] The plaintiff responds with publicly available records showing that BACS contracts with Alameda County for behavioral-health and supportive-housing services, administers housing programs funded through the U.S. Department of Housing and Urban Development (HUD), and reports that a substantial portion of its operations is funded through government contracts and grants, and he asks for discovery into BACS's government relationships. For its cross-motion, BACS does not dispute any of that: it accepts that it is government-funded, government-regulated, and performs its services under government contracts.[4]

The court grants BACS's cross-motion and denies the plaintiff's motion. Even on the plaintiff's facts, BACS did not act under color of state law: government funding, regulation, and service contracts (no matter how extensive) do not convert a private nonprofit's housing decisions into state action, and nothing in the record ties any government actor to the conduct the plaintiff challenges. An issue is that the plaintiff may plausibly plead a Fair Housing Act claim. The court thus directs supplemental briefing.

## STATEMENT

### 1. The Plaintiff's Account

The plaintiff's account is his sworn declaration. (The defendants submitted no evidence about

---

[2] Compl. – ECF No. 1; Mot. – ECF No. 34. The court treats the documents at ECF No. 1 and 34 collectively as the complaint.

[3] Defs.' Opp'n and Cross-Mot. – ECF No. 39. Counsel for BACS represents the two employees too: Nyra Mitchell and Amenda. Notice of Appearance – ECF No. 44; Consent – ECF No. 45.

[4] Pl.'s Opp'n & Reply – ECF No. 64 at 3–4; Def. Reply – ECF No. 67 at 9. All parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c)(1). Consents – ECF Nos. 8, 45. The plaintiff identified only two individual defendants, who appeared and consented, along with BACS. Consent – ECF No. 45. The plaintiff treated the other defendants as Doe defendants. Mot. – ECF No. 34 at 2–3; Order – ECF No. 35 & accompanying text. Doe defendants do not defeat the court's consent jurisdiction. *See Williams v. King*, 875 F.3d 500, 502–05 (9th Cir. 2017).

United States District Court
Northern District of California

the underlying events.)[5] From about August 19 through September 22, 2024, BACS staff subjected him to explicit sexual harassment, hostile treatment, and severe personal degradation daily, including homophobic slurs said to his face.[6] In or around August 2024, BACS removed him from his housing without advance written notice, a statement of reasons, or an opportunity to contest the decision.[7] He then (with verbal authorization from BACS management) applied for a different housing program within BACS.[8] From December 2024 through June 2025, in response to that application, BACS staff continued the daily harassment and slurs.[9] In June 2025, BACS personnel told the plaintiff face-to-face that his application was denied and that he was "completely banned" from housing anywhere in the BACS organization; the stated reason was "an internal vote by agency employees against" him, and the employees refused to disclose the grounds or criteria for the vote.[10] After the plaintiff served defendants Nyra Mitchell and "Amanda" with process in this lawsuit, BACS agents repeatedly contacted his family members about his housing even though he had declined communications.[11] He attributes severe emotional distress, psychological trauma, housing instability, and prolonged homelessness to the defendants' conduct.[12]

**2. BACS**

BACS is a private California nonprofit corporation that provides housing and behavioral-health services.[13] The plaintiff identified publicly available records showing that (1) Alameda County has contracted with BACS for behavioral-health and supportive-housing services, (2)

---

[5] Lovell Decl. – ECF No. 37 at 7–9; *see* Smith Decl. – ECF No. 39-1 at 2 (addressing only BACS's corporate status).

[6] Lovell Decl. – ECF No. 37 at 8 (¶ 3).

[7] *Id.* (¶ 4).

[8] *Id.* (¶ 5).

[9] *Id.* (¶ 6).

[10] *Id.* (¶¶ 7–8).

[11] *Id.* at 8–9 (¶ 9).

[12] *Id.* at 9 (¶ 10).

[13] Smith Decl. – ECF No. 39-1 at 2 (¶¶ 2–3); Secretary of State Statement of Information, Ex. A to *id.* – ECF No. 39-1 at 3–4).

BACS has administered housing and homelessness programs funded through HUD, (3) BACS publicly represents that a substantial portion of its operations is funded through government contracts and grants, and (4) public records identify BACS as a contracted service provider for government agencies, including Alameda County programs.[14] For purposes of its cross-motion, BACS does not dispute that it is subject to government regulation, receives government funding, provides services in which the state arguably has an interest, and provides those services under government contracts.[15]

### 3. Procedural History

The plaintiff sued BACS and BACS employees Nyra Mitchell and "Amanda" under § 1983 and the Fourteenth Amendment.[16] The plaintiff moved for summary judgment; BACS opposed the motion and cross-moved for summary judgment; the plaintiff opposed the cross-motion and replied in support of his motion; and BACS replied in support of its cross-motion.[17]

## LEGAL STANDARDS

### 1. Summary Judgment

The court must grant a motion for summary judgment if the movant shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Material facts are those that may affect the outcome of the case. *Anderson*, 477 U.S. at 248. A dispute about a material fact is genuine if there is enough evidence for a reasonable jury to return a verdict for the non-moving party. *Id.* at 248–49.

---

[14] Pl.'s Opp'n & Reply – ECF No. 64 at 3.

[15] Defs.' Reply – ECF No. 67 at 9.

[16] *See supra* Introduction (citing the operative complaints, the procedural history, the Doe defendants, the named defendants (BACS, Nyra Mitchell, and Amanda, who all appeared), and the consent of all parties to magistrate-judge jurisdiction).

[17] Pl.'s Mot. – ECF No. 37; Defs' Opp'n & Cross-Mot. – ECF No. 39; Pl.'s Opp'n & Reply – ECF No. 64; Def.'s Reply – ECF No. 67.

The party moving for summary judgment has the initial burden of informing the court of the basis for the motion, and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000); *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001).

If the moving party meets its initial burden, the burden shifts to the non-moving party to produce evidence supporting its claims or defenses. *Nissan Fire*, 210 F.3d at 1103. The non-moving party may not rest upon mere allegations or denials of the adverse party's evidence but instead must produce admissible evidence that shows there is a genuine issue of material fact for trial. *Devereaux*, 263 F.3d at 1076. If the non-moving party does not produce evidence to show a genuine issue of material fact, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. In ruling on a motion for summary judgment, inferences drawn from the underlying facts are viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**2. Section 1983 and the State-Action Requirement**

Section 1983 provides a remedy against "[e]very person who, under color of [state law] . . . subjects, or causes to be subjected," another to "the deprivation of any rights . . . secured by the Constitution." 42 U.S.C. § 1983. A defendant acts under color of state law if he exercises "power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (cleaned up), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330–31 (1986)). Claims resting directly on the Fourteenth Amendment require the same showing: in both settings, the ultimate issue is whether the alleged infringement of federal rights is "fairly attributable to the State." *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982) (cleaned up). Private conduct, "however discriminatory or wrongful," is not reached. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982).

Action under color of state law ordinarily means action by a public agency or officer. *Taylor v. First Wyo. Bank, N.A.*, 707 F.2d 388, 389 (9th Cir. 1983). A private party may be treated as a state actor only if (1) the claimed deprivation resulted from the exercise of a right or privilege having its source in state authority and (2) the party charged may fairly be characterized as a state actor under the circumstances. *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 955 (9th Cir. 2008) (quoting *Lugar*, 457 U.S. at 939). Courts apply several tests — among them, whether the private party acted jointly with the state and whether it performed a function traditionally reserved exclusively to the state — but "there is no specific formula for defining state action"; the central inquiry is whether there is a sufficiently close nexus between the state and the challenged conduct to fairly attribute the conduct to the state. *Johnson v. Knowles*, 113 F.3d 1114, 1118 (9th Cir. 1997); *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 836 (9th Cir. 1999) (cleaned up). The state ordinarily is responsible for a private decision only when it "has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). The plaintiff bears the burden of pleading and proving state action. *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139–40 (9th Cir. 2012).

## ANALYSIS

### 1. State Action

The issue that decides both motions is legal, not factual. Even accepting every fact the plaintiff advances (government funding, government contracts, government regulation, and the public importance of BACS's services), BACS's conduct is not fairly attributable to the state.

BACS is a private nonprofit corporation.[18] The Supreme Court has held that public funding, public contracting, and public regulation (even extensive versions of all three) do not convert a private entity's personnel or service decisions into state action. In *Rendell-Baker*, a private school for troubled students received nearly all of its funding from public sources, operated under government contracts, and was extensively regulated; its decisions to discharge employees still were

[18] Smith Decl. – ECF No. 39-1 at 2 (¶ 2).

not state action, because the state had no hand in the challenged decisions themselves. 457 U.S. at 840–42. "Acts of such private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts." *Id.* at 840–41. The Court also rejected the argument that performing a service the state funds and values is a public function: the question is whether the function is one "traditionally the exclusive prerogative of the State," and serving a population the state might otherwise serve does not qualify. *Id.* at 842 (cleaned up).

Housing and supportive services are not an exclusive state function. "The provision of low income housing has never been the exclusive province of the government." *Kabbani v. Council House, Inc.*, 406 F. Supp. 2d 1189, 1193 (W.D. Wash. 2005); *accord Young v. Halle Hous. Assocs., L.P.*, 152 F. Supp. 2d 355, 365 (S.D.N.Y. 2001); *Cobine v. City of Eureka*, 250 F. Supp. 3d 423, 437 (N.D. Cal. 2017) (private homeless shelters were not state actors). Applying these principles, courts have consistently held that nonprofit providers of housing and behavioral-health services (entities materially indistinguishable from BACS) are not state actors, even when they operate under government contracts, funding, and regulation. *Witmer v. Greater Lakes Mental Healthcare*, No. C15-5039 BHS, 2016 WL 1161689, at *3 (W.D. Wash. Mar. 23, 2016) (summary judgment for a nonprofit housing and mental-health provider; collecting cases); *Garrett v. Adjoin*, No. 25-cv-2806-AGS-VET, 2025 WL 3208845, at *1–2 (S.D. Cal. Nov. 17, 2025); *Byng v. Delta Recovery Servs., LLC*, No. 6:13-cv-733 (MAD/ATB), 2013 WL 3897485, at *9 (N.D.N.Y. July 29, 2013), *aff'd*, 568 F. App'x 65 (2d Cir. 2014); *Lauro v. Christopher Cmty.*, No. 5:23-cv-1635 (LEK/ATB), 2024 WL 33461, at *3 (N.D.N.Y. Jan. 3, 2024); *Aponte v. Diego Beekman M.H.A. HDFC*, No. 16-cv-8479 (JPO), 2019 WL 316003, at *12 (S.D.N.Y. Jan. 24, 2019); *Est. of Schwartz v. Assisted Recovery Ctrs. of Am., LLC*, No. 4:16-cv-673 (JMB), 2017 WL 840542, at *7 (E.D. Mo. Mar. 3, 2017). The plaintiff cites no contrary authority.

The plaintiff's threshold answer — that BACS "has not established the absence of state action" — inverts the summary-judgment burden.[19] State action is an element of the plaintiff's claims, and he bears the burden of proving it at trial. *Tsao*, 698 F.3d at 1139–40. A defendant in

[19] Pl.'s Opp'n & Reply – ECF No. 64 at 2.

that position need not disprove the element; it may prevail by showing that the plaintiff lacks evidence to establish it. *Celotex*, 477 U.S. at 322–23. BACS did more: it accepted the plaintiff's facts and showed that, under settled law, they do not add up to state action.

The plaintiff's evidence does not change the analysis because it targets facts that BACS concedes and that the law holds insufficient. The plaintiff says he relies not on funding or nonprofit status alone but on BACS's "relationship with governmental entities" and "the governmental authority delegated to it in connection with the conduct challenged in this action."[20] But the only delegation the record identifies — in the motion ("authority delegated through a government-funded housing agency")[21] and in the opposition — is BACS's contractual engagement to provide housing and behavioral-health services, which is the arrangement *Rendell-Baker* holds insufficient. What matters under the joint-action and nexus tests is the state's connection to the specific conduct challenged, and here there is none. On the plaintiff's own account, BACS employees harassed him, and BACS banned him from its housing "based on an internal vote by agency employees" whose grounds were never disclosed.[22] A decision made inside a private organization, by its own employees, on undisclosed internal criteria, is private decision-making; no government official is alleged to have participated in, directed, encouraged, or compelled it. *See Blum*, 457 U.S. at 1004–05.

The plaintiff bears the burden of proof at trial on every element of his claims, including state action. *Tsao*, 698 F.3d at 1139–40. Because the undisputed facts establish that BACS did not act under color of state law, the plaintiff cannot show that he is "entitled to judgment as a matter of law" on any § 1983 claim. Fed. R. Civ. P. 56(a). The court grants BACS's cross-motion and does not reach its alternative arguments that the plaintiff's motion is premature, the operative complaint was never served, and the plaintiff's declaration is too conclusory to carry a summary-judgment

[20] *Id.* at 2–3.

[21] Pl.'s Mot. – ECF No. 37 at 4.

[22] Lovell Decl. – ECF No. 37 at 8 (¶ 8).

United States District Court
Northern District of California

burden.[23]

**2. Discovery Would Not Change the Outcome**

The plaintiff asks the court to deny or defer the cross-motion so that he can take discovery into BACS's contracts with government agencies, government oversight of BACS's operations, delegated authority, communications between BACS personnel and government officials, the policies governing the programs at issue, and "whether the conduct challenged in this case resulted from joint participation with governmental actors."[24] He filed no Rule 56(d) declaration, but the court construes his opposition liberally as a Rule 56(d) request. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam) (pro se filings are construed liberally). The request fails on materiality. Most of the listed topics are conceded (BACS accepts that the contracts, funding, regulation, and oversight exist), and conceded facts need no discovery. The remaining topic, "joint participation" in the challenged conduct, is speculation: nothing in the plaintiff's declaration or elsewhere in the record suggests that any government actor had any role in the harassment or the housing decisions, and a hope that discovery might turn up such a role is not a showing that essential facts exist. Fed. R. Civ. P. 56(d); *Anderson*, 477 U.S. at 248 (only disputes over facts that might affect the outcome preclude summary judgment).

Nor are BACS's positions inconsistent. The plaintiff argues that BACS cannot call his motion

[23] As the court advised the defendants, while the motion for summary judgment required the consent of all parties for the court to address it, *Williams v. King*, 875 F.3d 500, 503–05 (9th Cir. 2017), a defendant's consent to magistrate-judge jurisdiction does not waive any defenses, including a defense of lack of jurisdiction or improper service (for example). Order – ECF No. 43; *see, e.g.*, *Feng v. County of Santa Clara*, No. 19-cv-06877-LB, 2019 WL 7194475, at *1 n.1 (N.D. Cal. Dec. 26, 2019); *Harper v. City of Cortez*, No. 14-cv-02984-KLM, 2015 WL 4113825, at *3 (D. Colo. July 8, 2015); *Geiche v. City and County of San Francisco*, No. C 08-3233 JL, 2009 WL 1948830, at *9 (N.D. Cal. July 2, 2009). To hold otherwise would put parties in the unfair position of being unable to consent to a magistrate judge without also having to waive defenses. *See Feng*, 2019 WL 7194475, at *1 n.1; *Miller v. Wholesale Am. Mortg., Inc.*, No. 17-cv-05495-LB, 2018 WL 306714, at *4 (N.D. Cal. Jan. 5, 2018) (parties who want to consent to magistrate-judge jurisdiction should not have their consents unduly frustrated). Here, that means that the defendants consent did not waive any defenses, including the defense of inadequate service. To the extent that the defendants raise an issue of service, the court authorized service by the U.S. Marshal. Order – ECF No. 5. The court does not address service because the lack of state action is dispositive.

[24] Pl.'s Opp'n & Reply – ECF No. 64 at 4.

premature while seeking judgment itself.[25] But a party may move for summary judgment "at any time." Fed. R. Civ. P. 56(b). And the two motions are differently postured: the cross-motion accepts the plaintiff's facts and presents a pure question of law, while the plaintiff's motion asks the court to resolve sharply disputed conduct (which BACS denies) on the strength of a general declaration, before any discovery. Deciding the first while noting the second's difficulties is not a contradiction.

**3. Leave to Amend**

Ordinarily, the rulings above would lead to entry of judgment for all defendants. But the plaintiff represents himself, and the court must construe his filings liberally. *Hughes*, 449 U.S. at 9. A pro se plaintiff need not plead legal theories: his complaint is sufficient if its factual allegations give the defendants fair notice of his claims and the grounds on which they rest and show that he may be entitled to some relief. *Hearns v. Terhune*, 413 F.3d 1036, 1040–41, 1043 (9th Cir. 2005) (a pro se plaintiff need not plead specific legal theories so long as sufficient factual averments show that he may be entitled to some relief); *cf. Johnson v. City of Shelby*, 574 U.S. 10, 11–12 (2014) (per curiam) (the federal rules do not countenance dismissal for an imperfect statement of the legal theory); *Alvarez v. Hill*, 518 F.3d 1152, 1157–58 (9th Cir. 2008). And before entering judgment against a pro se plaintiff, the court must grant leave to amend unless it is clear that amendment cannot cure the defects. *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012); *see* Fed. R. Civ. P. 15(a)(2) (leave freely given "when justice so requires").

Amendment cannot save the claims the plaintiff pleaded. The § 1983 and Fourteenth Amendment claims fail because the defendants did not act under color of state law, and no additional facts about BACS's funding, contracts, or regulation can change that conclusion. Leave to reassert the constitutional claims against these defendants is denied as futile.

[25] *Id.* at 4–5.

United States District Court
Northern District of California

But the futility inquiry does not end with the theories the plaintiff named. His factual allegations — months of daily harassment by BACS staff that included homophobic slurs, removal from his housing, denial of his application, and an organization-wide ban[26] — may, liberally construed, support claims under statutes that govern private housing providers and require no state action. The most apparent is the Fair Housing Act, which prohibits discrimination because of sex in the rental of a dwelling and in the provision of services or facilities in connection with a dwelling, and prohibits interference with the exercise or enjoyment of fair-housing rights. 42 U.S.C. §§ 3604(a)–(b), 3617. Discrimination because of sexual orientation may be discrimination because of sex. *Cf. Bostock v. Clayton County*, 590 U.S. 644, 660–62 (2020) (Title VII); *Wetzel v. Glen St. Andrew Living Cmty., LLC*, 901 F.3d 856, 861–64 (7th Cir. 2018) (hostile-housing-environment and § 3617 claims based on anti-gay harassment). California's fair-housing statutes prohibit sexual-orientation discrimination expressly. Cal. Gov't Code § 12955.

The court expresses no view on whether any such claim would succeed, including whether the housing here is a "dwelling," 42 U.S.C. § 3602(b), or whether the Ninth Circuit would apply *Bostock*'s reasoning to the Act. It identifies the fair-housing laws only to show that the plaintiff may plausibly plead a claim and why amendment is not clearly futile, not to limit what the plaintiff may plead. *Cf. Foman v. Davis*, 371 U.S. 178, 182 (1962) (the factors governing leave to amend, including futility). The case is young, no discovery has occurred, and no case schedule has been set.

The court orders the following process to evaluate whether the plaintiff plausibly alleges a Fair Housing Act claim or any other federal claim, given that he need only allege facts, not legal theories. *Hearns*, 413 F.3d at 1040–41, 1043. By September 22, 2026, the defendants must file a responsive pleading. If it is a motion to dismiss, it must be noticed for a hearing on the ordinary schedule under the local rules. The plaintiff's opposition is due by October 6, 2026, and the defendants' reply is due October 13, 2026. Absent federal claims, there is no federal-question jurisdiction, 28 U.S.C. § 1331, or supplemental jurisdiction over any state claims, *id.* § 1367. The court also lacks diversity jurisdiction because the parties are citizens of California. *Id.* § 1332(a)(1).

[26] Lovell Decl. – ECF No. 37 at 8 (¶¶ 3–8).

If the plaintiff fails to state a federal claim, the federal case will be dismissed without prejudice to pursing state claims in state court.

## CONCLUSION

The court grants the defendants' cross-motion for summary judgment and denies the plaintiff's motion for summary judgment, which disposes of the § 1983 claims. By September 22, 2026, the defendants must file a responsive pleading, which can include a motion to dismiss challenging federal jurisdiction and raising any other issues, including a defense as to service (keeping in mind that the court authorized service by the U.S. Marshal and alternative service by email).[27] Any motion to dismiss must be noticed for a hearing on October 29, 2026, at 9:30 a.m. The plaintiff's opposition is due by October 6, 2026, and the reply is due October 13, 2026. As a calendaring device to avoid losing track of the case, the court sets a CMC for Thursday, November 12, 2026, at 11 a.m.

**IT IS SO ORDERED.**

Dated: September 8, 2026

LAUREL BEELER
United States Magistrate Judge

[27] Orders – ECF Nos. 5, 36.